3044457-LRB/PCN

### IN THE UNITED STATES DISTRICT COURT FOR THE
### SOUTHERN DISTRICT OF ILLINOIS, BENTON DIVISION

| | |
|---|---|
| THOMAS NEWTON GORDON, Sr. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Court No. 20 cv 289 |
| v. | ) |
| | ) |
| RAMON GUERRERO and | ) |
| SYSTEM TRANSPORT INC., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS RAMON GUERRERO AND SYSTEM TRANSPORT, INC.S'
NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441, and 1446**

NOW COME the Defendants, RAMON GUERRERO and SYSTEM TRANSPORT, INC., by and through their attorneys, SmithAmundsen LLC, and remove this action to the United States District Court for the Southern District of Illinois, Benton Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and in support thereof, the Defendants state as follows:

1. Defendants remove this case as a matter of right from the Circuit Court of Williamson County, Illinois under and to District Court's subject matter jurisdiction, as conferred by 28 U.S.C. § 1332.

2. Removal is appropriate and must occur here because complete diversity of citizenship exists between the plaintiff, Thomas Gordon (Florida), and both of the defendants Guerrero (Arizona) and System Transport, Inc. (State of Washington).

3. Upon information and belief, the plaintiff, Thomas Newton Gordon, Sr., is currently and was at the time of the subject accident a citizen and resident of the State of Florida.  (*See*

**Exhibit "A,"** the plaintiff's Complaint at Law, 2019 L 178, Circuit Court of Williamson County, Illinois (the State Court Action).)

4. Both at the time of the commencement of the State Court Action and at the present time, defendant Ramon Guerrero was and is a citizen of the State of Arizona with a permanent residence at 1695 West Cochran Street, Tucson, AZ 85746. (*See* **Ex. A**, at ¶ 2.)

5. Defendant System Transport, Inc. is a corporate citizen of the State of Washington. The Federal Code of Civil Procedure fixes corporate citizenship in: (1) every state where an entity is incorporated; and (2) the state of the entity's principal place of business. *See* 28 U.S.C. § 1332. The term "principal place of business" is:

> […]the place where "a corporation's officers direct, control, and coordinate the corporation's activities. It is the … corporation's 'nerve center.' And in practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion).

*Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

6. Both at the time of the commencement of the State Court Action and at the present time defendant System Transport, Inc. was and is a Washington corporation with its principal place of business and headquarters located in Cheney, Washington. (*See* **Exhibit "B,"** Washington Secretary of State Business Corporate Page and the Locations Web Page identifying the Headquarters for System Transport, Inc. at https://systemtrans.com/locations/ and attached as **Exhibit "C."**)

7. Complete diversity of citizenship therefore exists between the plaintiff and each Defendant in this matter pursuant to 28 U.S.C. § 1332.

8. The motor vehicle accident underlying this case occurred in Williamson County, Illinois upon I-57 at or near its mile marker number 60 on July 16, 2019. (*See generally* **Ex. A**, at ¶ 2.) On December 30, 2019, the plaintiff filed this lawsuit against the defendants in the Circuit Court of Williamson County. (*See generally* **Ex. A,** styled *Thomas Newton Gordon, Sr. v. System Transport, Inc. & Ramon Guerrero*, Case No. 2019-L-178.)

9. The plaintiff's State Court filing describes purported "significant physical and emotional injuries […]" and "pain" resulting from the accident, which allegedly necessitated the "services of hospitals, physicians, medical technicians and other medical personal for treatment, medications, and other medical services thereby incurring medical expenses" and the alleged need for "additional medical care in the future" from the accident. (*See* Ex. A, ¶ 25-28.) The plaintiff also affixed an affidavit to the Complaint verifying his attorneys' belief that the case value exceeds the $50,000.00 jurisdictional minimum of the Williamson County Law Division. (*See* **Exhibit "A"** at p. 9 – Supreme Court Rule 222 Affidavit.)

10. Given the nature of these allegations the movants/defendants believe in good faith the amount in controversy exceeds this Court's $75,000.00 jurisdictional threshold, exclusive of interest and costs.

11. The plaintiff sent copies of the State Court Action to System Transport, Inc.'s corporate headquarters in Cheney, Washington via Registered Mail on March 5, 2020 (*See* Registered Mail "Green Card" attached as **Exhibit "D."**)

12. The defendants timely filed this Notice of Removal "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief […]" 28 U.S.C. § 1446(b).

13. The defendants/movants will promptly serve a true and correct copy of this Notice upon the plaintiff's counsel and file the same with the Circuit Court of Williamson County, as required by 28 U.S.C. § 1446(d).

14. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders served upon the defendants in this action is attached hereto as **Exhibit "E."**

15. By removing this action, the defendants do not waive any defenses available to either of them.

16. Should any questions or concerns arise as to the propriety of removing this action to the District Court's jurisdiction, the movants/defendants request the opportunity to present a brief and conduct oral argument in support of their position that removal from the Circuit Court of Williamson County, Illinois to the United States District Court for the Southern District of Illinois in Benton, Illinois is appropriate under the circumstances.

17. This Notice is signed and submitted in compliance with Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendants, RAMON GUERRERO and SYSTEM TRANSPORT, INC., by and through their attorneys, SmithAmundsen LLC, pray that this Honorable Court retain jurisdiction of the matter pursuant to 28 U.S.C., §§ 1332, 1441, and 1446. Movants further pray that should this Court require a hearing that they be afforded the opportunity to present a brief and oral argument in support of their position. Defendants pray for further and other relief as this Court deems proper and just.

Respectfully Submitted,

s/Lew R.C. Bricker  
Lew R.C. Bricker – Bar Number: 6206641

Lew R.C. Bricker – Bar Number: 6206641
Attorney for Defendants,
System Transport, Inc. &
Ramon Guerrero
SmithAmundsen LLC
150 North Michigan Avenue, Suite 3300
Chicago, IL 60601
Telephone:     (312) 894-3200
Fax:               (312) 894-3210
lbricker@salawus.com