3044457-LRB/PCN

## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ILLINOIS, BENTON DIVISION

THOMAS NEWTON GORDON, Sr.    )
    )
       Plaintiff,    )
    )
    )    Court No.
v.    )
    
RAMON GUERRERO and    )
SYSTEM TRANSPORT INC.,    )
    )
       Defendants.    )

## EXHIBITS A THROUGH E TO DEFENDANTS' NOTICE OF REMOVAL

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT FOR WILLIAMSON
COUNTY ILLINOIS

|  |  |  |
|---|---|---|
| Thomas Newton Gordon, Sr. | ) | *JURY TRIAL DEMANDED* |
| Plaintiff, | ) | |
|  | ) | |
| -vs- | ) | Claim #: |
|  | ) | |
| Ramon Guerrero, | ) | |
| and | ) | |
| System Transport, Inc., | ) | |
| Defendants. | ) | |

## Complaint for Damages

Comes now the Plaintiff, Thomas Newton Gordon, Sr., represented by the
undersigned counsel and sets forth the following:

1. Plaintiff, Thomas Newton Gordon, Sr. (hereinafter "Plaintiff"), is a resident of
   Citrus County, in the State of Florida, and is a Citizen of the United States.
   Plaintiff is seventy-three (73) years old. He currently resides at 9065 North
   Golfview Drive, Citrus Springs, Florida, 34434.

2. Defendant, Ramon Guerrero (hereinafter "Driver" or collectively as
   "Defendants"), upon information and belief is the employee of named co-
   Defendant, System Transport, Inc. as a interstate transport, and believes to have a
   permanent address for service is 1695 W Cochran St., Tucson, AZ 85746-1320.

3. Defendant, System Transport, Inc. (Hereinafter "Company" collectively as
   "Defendants), upon information and belief is a company with its principal place
   of business in the County of Spokane, State of Washington. Upon the belief of



Plaintiff, Defendant currently operates from a physical address located at 7405 South Hayford Road, Cheney, Washington, 99004.

## Jurisdiction and Venue

4.  This court has jurisdiction over this matter pursuant to the Illinois Code of Civil Procedure, 735 Ill. Comp. Stat. 5/2-101, *et. seq.*, more specifically among other sections 735 Ill. Comp. Stat. 5/2-208 and 735 Ill. Comp. Stat. 5/2-209. The events occurred in Williamson County, State of Illinois.  As the events occurred in Williamson County, this court possesses jurisdiction and is the proper venue to hear this dispute.

## Facts Common to All Counts

5.  On the afternoon of July 16, 2019, at approximately 4:30 p.m., Plaintiff was driving his 1998 Mazda Protégé on Interstate 57 Southbound, through the construction zone located near mile marker sixty (60) in Williamson County, State of Illinois.

6.  Driver on or about the same time was driving a 2013 Kenworth T660 semi-tractor trailer, owned or leased by Company for the benefit of its business, on Interstate 57 Southbound, through the construction zone located near the sixty (60) mile marker in Williamson County, State of Illinois, coming up rapidly upon the rear of Plaintiff's vehicle.

7.  Plaintiff was at all times following the Rules of the Road and applicable laws concerning traffic conditions pursuant to 625 Illinois Compiled Statute Act 5, Chapter 11, *et seq.*, as he was observing a reasonable speed in observance of the

construction zone he was traveling within, pursuant to the mandates of 625 Ill.

Com[. Stat. 5/11-601(a).

8.  Plaintiff looked up in the review mirror to see Driver barreling at him and his wife
    at a high rate of speed.

9.  Plaintiff then realized that Defendant was not attempting to adjust his speed as to
    account for being in a construction zone or in consideration of the dense nature of
    the traffic he was quickly approaching, as was legally required of Defendant. By
    the time that Plaintiff had any indication there would be a collision, he could only
    brace himself for impact. He had not time to warn his wife of the first crash of
    the semi into his car's rear bumper.

10. Plaintiff had no ability or clear chance to avoid the collision with Driver, after the
    latter failed to utilize caution as he approached the dense traffic and construction
    zone on Southbound Interstate 57.  Plaintiff had no reason to believe that Driver
    would fail to obey the reasonable Rules of the Road and all other laws of Illinois
    in his operation of Company's semi.

11. As horrifying as it was to be struck once by a semi moving at a high rate of speed,
    Driver's careless conduct was not over.  Plaintiff continued to watch in his
    rearview mirror, this time have adequate notice to warn his wife to brace for
    impact, as Driver careened into Plaintiff's rear bumper for a second time.

12. As Plaintiff was struck from behind while reasonably observing and complying
    with the Rules of the Road and accounting for the traffic within the construction
    zone, there was nothing he could have done to avoid either collision collision.

13. Driver disregard the Rules of the Road, causing both collisions with the vehicle Plaintiff was driving.

14. It is unknown how fast Driver was traveling at the time of the accident, but it is known that speed was more than the posted speed limit being observed by Plaintiff.

15. Driver's front and side view(s) were unobstructed, and the accident was not caused due to any visual obstructions to the Driver, other than those that would have come from his failing to observe a reasonable following distance.

16. The collision is not in any way attributable to weather conditions at the time of impact.

17. Illinois State Police responded but the patrolman refused to write a report, because it was going to take too long when he personally felt the damage cause was not worth his time. He returned to the weigh station from which he had responded after having the parties exchanged information.

18. The Plaintiff did suffer permanent and serious injury as a result of the collision.

## Count 1: Negligence

19. Plaintiff restates and reaffirms paragraphs one (1) through (16) above, as if the same were wholly set out herein.

20. Driver had a duty to observe reasonable care, drive within the speed limits, and operate his vehicle according to the Rules of the Road under Illinois law.

21. Driver also had a duty to keep and maintain a proper lookout when driving on a roadway. See. Guy v. Steurer, 239 Ill. App. 3d 304, 606 N.E.2d 852 (1992)( a driver has a duty to keep proper lookout, observe due care, and drive as prudent

person would to avoid collision when danger is discovered, or should have been discovered by exercise of reasonable care.)

22. Driver had a heightened duty to be mindful of hazards while operating the Company's semi on Highway 57 at or about mile marker 60 in Williamson County. See. Id.

23. Driver breached his duty to not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway. 625 Ill. Comp. Stat. 5/11-710.

24. Driver breached his duties to: operate his vehicle upon any highway of this State at a speed which was not greater than is reasonable and proper with regard to traffic conditions and the use of the highway, and to refrain from action that endangers the safety of any person or property of another. 625 Ill. Comp. Stat. 5/11-601.

25. As a direct and proximate result of Driver's breach of duty, Plaintiff has incurred and continue to incur significant physical and emotional injuries.

26. As a direct and proximate cause of Driver's breach of duty Plaintiff has been in pain resulting from the accident.

27. In an attempt to treat his injuries and lessen the pain, Plaintiff has sought the services of hospitals, physicians, medical technicians, and other medical personnel for treatment, medications, and other medical services thereby incurring medical expenses.

28. Plaintiffs will require additional medical care and treatment in the future to treat the aforementioned injuries incurred as a direct and proximate result of this accident.

## Count 2: Negligence in Hiring

29. Plaintiff restates and reaffirms paragraphs one (1) through (26) above, as if the same were wholly set out herein.

30. To the extent that Defendants might claim Driver's negligence was outside of the scope of his employment, Defendants are thereby responsible for the negligent acts of hiring and retention of Driver. See. 's Doe v. Catholic Bishop of Chicago, 2017 IL App (1st) 162388, 82 N.E.3d 1229, reh'g denied (Aug. 18, 2017), appeal denied, 94 N.E.3d 649 (Ill. 2018). See also. Carter v. Skokie Valley Detective Agency, Ltd., 628 N.E.2d 602, 604 (Ill. App. Ct. 1993); Anicich v. Home Depot U.S.A., Inc. 852 F.3d 643, 649 (7th Cir. 2017); Van Horne v. Muller, 705 N.E.2d 898, 905 (Ill. 1999); RESTATEMENT (SECOND) OF AGENCY § 219(1) (1958); *see*, e.g., Pyne v.Witmer, 543 N.E.2d 1304, 1308 (Ill. 1989).

31. Whether the failure of Company lies in the its actions of negligent hiring, negligent retention, or negligent supervision has no significant distinction under Illinois law. To the extent that road rage or other reason would explain Driver's violent behavior as being outside of the scope of his employment, Company would be responsible for the negligent hiring, retention, and/or supervision of Driver. See. Zahl v. Krupa, 927 N.E.2d 262, 283 (Ill. App. Ct. 2010) (citing Van Horne, 705 N.E.2d at 904).

32. At all relevant times hereto, Driver was operating a semi-tractor-trailer entrusted to him and/or operated by him by for the benefit of the Company with the hauling and/or use of Company's chattel to meet a Company objective.

33. Driver at the time of the two collisions operated Company's semi-tractor-trailer in a negligent or intentionally malicious manner causing severe harm to Plaintiff.

34. To the extent that Company would assert Driver was operating with an intention outside the scope of his employment, Company is liable for the negligent hiring, retention, and supervising of Driver.

### Count 3: Respondeat Superior

35. Plaintiff restates and reaffirms paragraphs one (1) through forty-three (32) above, as if the same were wholly set out herein.

36. To the extent that Defendants concede that Driver was operating the semi-tractor-trailer within the scope of his employment, respondeat superior provides the proper standard for a direct action against Company.

37. In the operation of the semi-tractor-trailer Company was the principal/master and Driver was the agent/servant in the hauling or return therefrom of chattel belonging to the Company.

38. Driver was acting within the scope of his employment and Company is vicariously liable for his negligence pursuant to the legal theory of respondeat superior.  Wilson v. Edward Hosp., 2012 IL 112898, ¶ 18, 981 N.E.2d 971, 978; Oliveira–Brooks v. Re/Max International, Inc., 372 Ill.App.3d 127, 134, 309 Ill.Dec. 889, 865 N.E.2d 252 (2007); Gilbert v. Sycamore Municipal Hospital, 156 Ill.2d 511, 525, 190 Ill.Dec. 758, 622 N.E.2d 788 (1993).

39. Company, under the theory of respondeat superior is vicariously responsible for damages resulting from a specific act of negligence committed by the Driver and/or other employees within the scope of his/her/their employment.

## Plaintiffs' Request for Relief

40. Plaintiff requests that this court grant these Plaintiff's damages in an amount to be determined at jury trial for his injuries suffered as a result of Defendants' negligence, intentional conduct, and/or lack of care.

Respectfully submitted,

Robert T. Garwood, IL ATTY: 6320653
MORGAN & MORGAN
20 NW 3rd, Suite 940
Evansville, Indiana 47708
Telephone: 812-850-6870
Facsimile: (812) 850-6884
Email: rgarwood@forthepeople.com
*Counsel for Plaintiff*

## AFFIDAVIT

The Undersigned, Thomas Gordon, hereby certifies that the statements made in the foregoing documents are true and accurate to the best of her knowledge, information, and belief.

Pursuant to Rule 222(b) of the Illinois Rules and observing the spirit of the decision in Grady v. Marchini, 375 Ill. App. 3d 174, 178-79 (4th Dist. 2007) Plaintiff hereby attaches this affidavit to further state and support that:

1. The information as stated in the Original Complaint hereinabove attached, is true and accurate as to the recollection of the Plaintiff; and
2. The amount of damages necessary to make the Plaintiff whole is expected to exceed Fifty Thousand Dollars and No Cents ($50,000.00).

FURTHER THE AFFIANT SAYETH NOT.


_____

Thomas Gordon, Affiant, Plaintiff


Sworn to and subscribed before me this _____ day of _____,
2019.


_____
NOTARY PUBLIC
County of _____, State of Florida


My Commission Expires:        _____

 Corporations and Charities Filing System

## Business Information

**BUSINESS INFORMATION**

Business Name: SYSTEM TRANSPORT, INC.

Business Type: WA PUBLIC UTILITY CORPORATION

Principal Office Street Address: 7405 S HAYFORD RD, CHENEY, WA, 99004, UNITED STATES

Expiration Date: 05/31/2020

Formation/ Registration Date: 05/25/1972

Inactive Date:

Nature of Business: OTHER SERVICES

UBI Number: 600 105 284

Business Status: ACTIVE

Principal Office Mailing Address: PO BOX 3456, SPOKANE, WA, 99220-3456, UNITED STATES

Jurisdiction: UNITED STATES, WASHINGTON

Period of Duration: PERPETUAL

**REGISTERED AGENT INFORMATION**

Registered Agent Name: JAMES C WILLIAMS

Street Address: S 7405 HAYFORD RD, CHENEY, WA, 99004-0000, UNITED STATES

Mailing Address: PO BOX 3456, SPOKANE, WA, 99220-3456, UNITED STATES

**GOVERNORS**

| Title | Governors Type | Entity Name | First Name | Last Name |
|-------|----------------|-------------|------------|-----------|
| GOVERNOR | INDIVIDUAL | | DENNIS | WILLIAMS |
| GOVERNOR | INDIVIDUAL | | JAMES | WILLIAMS |

Back

Filing History   Name History   Print   Return to Business Search


DEFENDANT'S EXHIBIT
exhibit
B







 Map data ©2020 Google, INEGI, ORION-ME

HOME / LOCATIONS

# Our Locations

**RECRUITING:** 800-762-3776

**01 | HEADQUARTERS**

7405 S Hayford Rd.
Cheney, WA 99004
800-541-4213

**02 | BLOOMINGTON**

2549 S Willow Ave.
Bloomington, CA 92316
800-541-4213

**03 | DENVER**

6135 Lipan St. Suite 101
Denver, CO 80221
866-403-4760

DEFENDANT'S
EXHIBIT

C

**04 | GARY**

6515 E Melton Ave.
Gary, IN 46403
800-541-4213

**05 | KANSAS CITY**

804 N Meadowbrook Dr.
Suite 112
Olathe, KS 66062
866-519-5773

**06 | LONGVIEW**

146 Industrial Way
Longview, WA 98632
888-525-4157

**07 | OKLAHOMA CITY**

7501 SW 29th St.
Oklahoma City, OK, 73179
509-363-3882

**08 | PHOENIX**

1820 W Broadway Rd.
Phoenix, AZ 85041
800-214-8167

**09 | STOCKTON**

707 E Roth Rd.
French Camp, CA 95231
800-624-2900

**10 | FRESNO**

3767 E. Church Ave.
Fresno, CA, 93725
509-363-3882

**11 | ROCK HILL**

1444 E. Main St.
Rock Hill, SC, 29730

**12 | CALDWELL**

2103 Franklin Road
Caldwell, ID 83686
208-810-4446

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

System Transport, Inc.
c/o James C. Williams
7405 J. Hayford Rd.
Cheney, WA 99004

9590 9402 4905 9032 5015 32

2. Article Number (Transfer from service label)

7019 1640 0001 7761 9001

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
☐ Agent
☐ Addressee

B. Received by (Printed Name)
B Dillon

C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery ($500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

System Transport, Inc.
P.O. Box 3456
Spokane, WA 99220

9590 9402 4905 9032 5015 63

2. Article Number (Transfer from service label)

7019 1640 0001 7761 8974

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)
Steve Tucker

C. Date of Delivery
1-8-20

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt



DEFENDANT'S EXHIBIT
D

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT FOR WILLIAMSON COUNTY ILLINOIS

|  |  |  |
|---|---|---|
| **Thomas Newton Gordon, Sr.** | ) | *JURY TRIAL DEMANDED* |
| **Plaintiff,** | ) | |
| | ) | |
| **-vs-** | ) | **Claim #:** |
| | ) | |
| **Ramon Guerrero,** | ) | |
| **and** | ) | |
| **System Transport, Inc.,** | ) | |
| **Defendants.** | ) | |

## SUMMONS
### (30 Days)

To the herein named Defendant/Respondent:

Last know address of Defendant/Respondent:

System Transport, Inc.
c/o James C. Williams
7405 South Hayford Road,
Cheney, Washington, 99004

Mailing Address:
PO Box 3456
Spokane, WA 99220

You are summoned and required to file a written answer or other pleading at the Vermilion County Courthouse in the office of the Clerk of the Circuit Court, Williamson County Courthouse 200 West Jefferson Street, Marion, IL 62959, within 30 days after service of this Summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

**Attention:** E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit https://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp

To the Officer: This Summons must be returned by the Officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed.

This Summons may not be served later than 30 days after its date.



(Seal of Court)                        _____, 2019

                                       _____

                                       Clerk of the Circuit Court,
                                       Angie Kochan
                                       Williamson County Courthouse, First Circuit
                                       200 West Jefferson Street
                                       Marion, IL 62959

Robert T. Garwood, IL ATTY: 6320653
Morgan & Morgan
20 NW 3rd, Suite 940
Evansville, Indiana 47708
Telephone: 812-850-6870
rgarwood@forthepeople.com
*Counsel for Plaintiff*

NOTE: The filing of an appearance or answer with the Clerk of the Circuit Court requires a statutory filing
fee payable at the time of filing.

DATE OF SERVICE: _____, 2019
(Date to be inserted by Officer on copy left with Respondent or other person)

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT FOR WILLIAMSON
COUNTY ILLINOIS

| | | |
|---|---|---|
| Thomas Newton Gordon, Sr.<br>    Plaintiff, | ) )<br>) | *JURY TRIAL DEMANDED* |
| | ) ) | |
| -vs- | ) ) | Claim #: |
| Ramon Guerrero,<br>and<br>System Transport, Inc.,<br>    Defendants. | ) )<br>) )<br>) )<br>) | |

## Complaint for Damages

Comes now the Plaintiff, Thomas Newton Gordon, Sr., represented by the undersigned counsel and sets forth the following:

1. Plaintiff, Thomas Newton Gordon, Sr. (hereinafter "Plaintiff"), is a resident of Citrus County, in the State of Florida, and is a Citizen of the United States. Plaintiff is seventy-three (73) years old.  He currently resides at 9065 North Golfview Drive, Citrus Springs, Florida, 34434.

2. Defendant, Ramon Guerrero (hereinafter "Driver" or collectively as "Defendants"), upon information and belief is the employee of named co-Defendant, System Transport, Inc. as a interstate transport, and believes to have a permanent address for service is 1695 W Cochran St., Tucson, AZ 85746-1320.

3. Defendant, System Transport, Inc. (Hereinafter "Company" collectively as "Defendants), upon information and belief is a company with its principal place of business in the County of Spokane, State of Washington. Upon the belief of

Plaintiff, Defendant currently operates from a physical address located at 7405
South Hayford Road, Cheney, Washington, 99004.

## Jurisdiction and Venue

4.  This court has jurisdiction over this matter pursuant to the Illinois Code of Civil
    Procedure, 735 Ill. Comp. Stat. 5/2-101, *et. seq.*, more specifically among other
    sections 735 Ill. Comp. Stat. 5/2-208 and 735 Ill. Comp. Stat. 5/2-209. The events
    occurred in Williamson County, State of Illinois.  As the events occurred in
    Williamson County, this court possesses jurisdiction and is the proper venue to
    hear this dispute.

## Facts Common to All Counts

5.  On the afternoon of July 16, 2019, at approximately 4:30 p.m., Plaintiff was
    driving his 1998 Mazda Protégé on Interstate 57 Southbound, through the
    construction zone located near mile marker sixty (60) in Williamson County,
    State of Illinois.

6.  Driver on or about the same time was driving a 2013 Kenworth T660 semi-tractor
    trailer, owned or leased by Company for the benefit of its business, on Interstate
    57 Southbound, through the construction zone located near the sixty (60) mile
    marker in Williamson County, State of Illinois, coming up rapidly upon the rear
    of Plaintiff's vehicle.

7.  Plaintiff was at all times following the Rules of the Road and applicable laws
    concerning traffic conditions pursuant to 625 Illinois Compiled Statute Act 5,
    Chapter 11, *et seq.*, as he was observing a reasonable speed in observance of the

construction zone he was traveling within, pursuant to the mandates of 625 Ill.
Com[. Stat. 5/11-601(a).

8.  Plaintiff looked up in the review mirror to see Driver barreling at him and his wife
    at a high rate of speed.

9.  Plaintiff then realized that Defendant was not attempting to adjust his speed as to
    account for being in a construction zone or in consideration of the dense nature of
    the traffic he was quickly approaching, as was legally required of Defendant. By
    the time that Plaintiff had any indication there would be a collision, he could only
    brace himself for impact. He had not time to warn his wife of the first crash of
    the semi into his car's rear bumper.

10. Plaintiff had no ability or clear chance to avoid the collision with Driver, after the
    latter failed to utilize caution as he approached the dense traffic and construction
    zone on Southbound Interstate 57. Plaintiff had no reason to believe that Driver
    would fail to obey the reasonable Rules of the Road and all other laws of Illinois
    in his operation of Company's semi.

11. As horrifying as it was to be struck once by a semi moving at a high rate of speed,
    Driver's careless conduct was not over. Plaintiff continued to watch in his
    rearview mirror, this time have adequate notice to warn his wife to brace for
    impact, as Driver careened into Plaintiff's rear bumper for a second time.

12. As Plaintiff was struck from behind while reasonably observing and complying
    with the Rules of the Road and accounting for the traffic within the construction
    zone, there was nothing he could have done to avoid either collision collision.

13. Driver disregard the Rules of the Road, causing both collisions with the vehicle Plaintiff was driving.

14. It is unknown how fast Driver was traveling at the time of the accident, but it is known that speed was more than the posted speed limit being observed by Plaintiff.

15. Driver's front and side view(s) were unobstructed, and the accident was not caused due to any visual obstructions to the Driver, other than those that would have come from his failing to observe a reasonable following distance.

16. The collision is not in any way attributable to weather conditions at the time of impact.

17. Illinois State Police responded but the patrolman refused to write a report, because it was going to take too long when he personally felt the damage cause was not worth his time.  He returned to the weigh station from which he had responded after having the parties exchanged information.

18. The Plaintiff did suffer permanent and serious injury as a result of the collision.

### Count 1: Negligence

19. Plaintiff restates and reaffirms paragraphs one (1) through (16) above, as if the same were wholly set out herein.

20. Driver had a duty to observe reasonable care, drive within the speed limits, and operate his vehicle according to the Rules of the Road under Illinois law.

21. Driver also had a duty to keep and maintain a proper lookout when driving on a roadway. See. Guy v. Steurer, 239 Ill. App. 3d 304, 606 N.E.2d 852 (1992)( a driver has a duty to keep proper lookout, observe due care, and drive as prudent

person would to avoid collision when danger is discovered, or should have been discovered by exercise of reasonable care.)

22. Driver had a heightened duty to be mindful of hazards while operating the Company's semi on Highway 57 at or about mile marker 60 in Williamson County. See. Id.

23. Driver breached his duty to not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway. 625 Ill. Comp. Stat. 5/11-710.

24. Driver breached his duties to: operate his vehicle upon any highway of this State at a speed which was not greater than is reasonable and proper with regard to traffic conditions and the use of the highway, and to refrain from action that endangers the safety of any person or property of another. 625 Ill. Comp. Stat. 5/11-601.

25. As a direct and proximate result of Driver's breach of duty, Plaintiff has incurred and continue to incur significant physical and emotional injuries.

26. As a direct and proximate cause of Driver's breach of duty Plaintiff has been in pain resulting from the accident.

27. In an attempt to treat his injuries and lessen the pain, Plaintiff has sought the services of hospitals, physicians, medical technicians, and other medical personnel for treatment, medications, and other medical services thereby incurring medical expenses.

28. Plaintiffs will require additional medical care and treatment in the future to treat the aforementioned injuries incurred as a direct and proximate result of this accident.

### Count 2: Negligence in Hiring

29. Plaintiff restates and reaffirms paragraphs one (1) through (26) above, as if the same were wholly set out herein.

30. To the extent that Defendants might claim Driver's negligence was outside of the scope of his employment, Defendants are thereby responsible for the negligent acts of hiring and retention of Driver.  See. 's Doe v. Catholic Bishop of Chicago, 2017 IL App (1st) 162388, 82 N.E.3d 1229, reh'g denied (Aug. 18, 2017), appeal denied, 94 N.E.3d 649 (Ill. 2018).  See also. Carter v. Skokie Valley Detective Agency, Ltd., 628 N.E.2d 602, 604 (Ill. App. Ct. 1993); Anicich v. Home Depot U.S.A., Inc. 852 F.3d 643, 649 (7th Cir. 2017); Van Horne v. Muller, 705 N.E.2d 898, 905 (Ill. 1999); RESTATEMENT (SECOND) OF AGENCY § 219(1) (1958); see, e.g., Pyne v.Witmer, 543 N.E.2d 1304, 1308 (Ill. 1989).

31. Whether the failure of Company lies in the its actions of negligent hiring, negligent retention, or negligent supervision has no significant distinction under Illinois law.  To the extent that road rage or other reason would explain Driver's violent behavior as being outside of the scope of his employment, Company would be responsible for the negligent hiring, retention, and/or supervision of Driver.  See. Zahl v. Krupa, 927 N.E.2d 262, 283 (Ill. App. Ct. 2010) (citing Van Horne, 705 N.E.2d at 904).

32. At all relevant times hereto, Driver was operating a semi-tractor-trailer entrusted to him and/or operated by him by for the benefit of the Company with the hauling and/or use of Company's chattel to meet a Company objective.

33. Driver at the time of the two collisions operated Company's semi-tractor-trailer in a negligent or intentionally malicious manner causing severe harm to Plaintiff.

34. To the extent that Company would assert Driver was operating with an intention outside the scope of his employment, Company is liable for the negligent hiring, retention, and supervising of Driver.

### Count 3: Respondeat Superior

35. Plaintiff restates and reaffirms paragraphs one (1) through forty-three (32) above, as if the same were wholly set out herein.

36. To the extent that Defendants concede that Driver was operating the semi-tractor-trailer within the scope of his employment, respondeat superior provides the proper standard for a direct action against Company.

37. In the operation of the semi-tractor-trailer Company was the principal/master and Driver was the agent/servant in the hauling or return therefrom of chattel belonging to the Company.

38. Driver was acting within the scope of his employment and Company is vicariously liable for his negligence pursuant to the legal theory of respondeat superior.  Wilson v. Edward Hosp., 2012 IL 112898, ¶ 18, 981 N.E.2d 971, 978; Oliveira–Brooks v. Re/Max International, Inc., 372 Ill.App.3d 127, 134, 309 Ill.Dec. 889, 865 N.E.2d 252 (2007); Gilbert v. Sycamore Municipal Hospital, 156 Ill.2d 511, 525, 190 Ill.Dec. 758, 622 N.E.2d 788 (1993).

39. Company, under the theory of respondeat superior is vicariously responsible for damages resulting from a specific act of negligence committed by the Driver and/or other employees within the scope of his/her/their employment.

## Plaintiffs' Request for Relief

40. Plaintiff requests that this court grant these Plaintiff's damages in an amount to be determined at jury trial for his injuries suffered as a result of Defendants' negligence, intentional conduct, and/or lack of care.

Respectfully submitted,

Robert T. Garwood, IL ATTY: 6320653
MORGAN & MORGAN
20 NW 3rd, Suite 940
Evansville, Indiana 47708
Telephone: 812-850-6870
Facsimile: (812) 850-6884
Email: rgarwood@forthepeople.com
*Counsel for Plaintiff*

## **AFFIDAVIT**

The Undersigned, Thomas Gordon, hereby certifies that the statements made in the foregoing documents are true and accurate to the best of her knowledge, information, and belief.

Pursuant to Rule 222(b) of the Illinois Rules and observing the spirit of the decision in Grady v. Marchini, 375 Ill. App. 3d 174, 178-79 (4th Dist. 2007) Plaintiff hereby attaches this affidavit to further state and support that:

1. The information as stated in the Original Complaint hereinabove attached, is true and accurate as to the recollection of the Plaintiff; and
2. The amount of damages necessary to make the Plaintiff whole is expected to exceed Fifty Thousand Dollars and No Cents ($50,000.00).

FURTHER THE AFFIANT SAYETH NOT.

Thomas Gordon, Affiant, Plaintiff

Sworn to and subscribed before me this _____ day of _____,
2019.

NOTARY PUBLIC
County of _____, State of Florida

My Commission Expires:                    _____